IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| HARRY JAMES YARBROUGH, PRO SE, §<br>TDCJ-CID No. 1022150, §<br>Previous TDCJ-CID No. 621629, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>GARY JOHNSON, §<br>§<br>Defendant. § | 2:04-CV-0294 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff HARRY JAMES YARBROUGH, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims his Eighth Amendment protection from conditions of confinement constituting cruel and unusual punishment has been violated by the defendant's approval of a recent change in prison correspondence policy which now bars sexually explicit magazines or other images. Contending it is a "life or death situation for thousands of prisoners within the Texas prison system," plaintiff argues he and other inmates need the pornography to facilitate frequent masturbatory release "for the exercise of [their] prostate health."

Plaintiff requests injunctive relief in the form of a "meaningful decision on the merits of this case, as irreparable harm will result otherwise."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

In its prohibition of "cruel and unusual  punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable  measures to guarantee the safety of the inmates."  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).  *See, also, Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977)(state must furnish its prisoners with reasonably adequate food).  Further, an Eighth Amendment challenge to conditions must contain facts showing that the responsible officials acted with deliberate indifference to the prisoner's conditions.  *Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999)(citing *Farmer v. Brennan*, 511 U.S. 825, 837-43, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of pain.'"  *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).

Plaintiff presents no allegation of fact showing he is prevented in any way from engaging in the activity he feels is essential to his present and future prostate health; instead, he challenges the failure to facilitate this activity.  Plaintiff has alleged no fact showing he and other inmates cannot maintain their health without pornography or that prison officials are aware of facts indicating such a danger and have ignored them.  Plaintiff's allegation that it would be easier to masturbate with the assistance of pornography does not support an inference that he and others will be unable to do so with sufficient frequency if deprived of it.

To the extent prison conditions are merely harsh or restrictive, "they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  The absence of the pornographic stimulus plaintiff seeks does not show he is deprived of the ability or opportunity

to maintain his health.  Plaintiff's allegations fail to state a deprivation of the  "minimal civilized measure of life's necessities", *see, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) and do not show an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).  As now Chief Justice Rehnquist, remarked, "[i]n short, nobody promised [inmates] a rose garden; and I know of nothing in the Eighth Amendment which requires that they be housed in a manner most pleasing to them, or considered even by most knowledgeable penal authorities to be likely to avoid confrontations, psychological depression, and the like." *Atiyeh v. Capps*, 449 U.S. 1312, 1315-16, 101 S.Ct. 829, 831, 66 L.Ed.2d 785 (1981).

Thus, by his claim against the defendant plaintiff fails to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff HARRY JAMES YARBROUGH is DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

4

      A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

      IT IS SO ORDERED.

      ENTERED this 5th day of July, 2005.

      /s/ Mary Lou Robinson  
      MARY LOU ROBINSON  
      UNITED STATES DISTRICT JUDGE